IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAZI GOLA, et al. | : | CIVIL ACTION |
| | : | NO. 09-5037 |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |

O'NEILL, J.                                                          JUNE 13, 2011

## MEMORANDUM

Presently before me is a letter from Center City Metals that I construe as a motion for reconsideration of my March 22, 2011 ruling. Mazi Gola, Joe Gola and the New York Diamond exchange have responded via letter.

## BACKGROUND

This action began as three separate lawsuits, each of which was originally filed in the Court of Common Pleas for Philadelphia. In the first case, filed on October 15, 2009, Mazi Gola d/b/a New York Diamond Exchange and Joe Gola a/k/a Joe the Jeweler's filed section 1983 claims against the City of Philadelphia Department of Licenses and Inspections, Dominic J. Verdi, Public Nuisance Task Force Liason for the Department of Licenses and Inspections, John Doe, an employee of the Department of Licenses and Inspections, Edward A. Rust, both as an individual and in his capacity as the owner of Center City Metals, LLC, Officer Murray of the Philadelphia Police Department and Detective T. Sweeney, also of the Philadelphia Police Department. The City of Philadelphia removed the case to this Court on November 3, 2009. It was assigned to my calendar and docketed at civil action number 09-5037. No party contends that such removal was improper.

In the second case, filed on July 15, 2010, Center City Metals, LLC sued Joe Gola and

New York Diamond Exchange, alleging that Gola and NYDE owed it $10,000 as a result of an April 28, 2009 business transaction between the parties. Joe Gola and NYDE filed a third party complaint against the City of Philadelphia and Philadelphia police officer Thomas Peters, alleging, under 42 U.S.C. § 1983, that third party defendants violated their federally protected civil rights. On December 10, 2010, the third party defendants removed the case to this Court, where it was assigned to my colleague the Honorable Robert F. Kelly and docketed at civil action number 10-7185. On December 31, 2010, Center City Metals moved to remand the case to the Court of Common Pleas.

In the third case, filed on August 10, 2010, Center City Metals sued Gideon Gola and Mazi Gola d/b/a New York Diamond Exchange, alleging that those parties were also liable for the $10,000 debt described in the first lawsuit. On October 20, 2010, Gideon Gola and Mazi Gola filed a third party complaint against the City of Philadelphia and Philadelphia police officer Peters which contained allegations identical to those in the third party complaint filed in the second case. On November 19, 2010, the third party defendants removed the case to this Court, where it was assigned to Judge Kelly and docketed at civil action number 10-6813. On December 22, 2010, Center City Metals moved to remand the case to the Court of Common Pleas.

While the motions to remand were pending in the second and third cases, Joe Gola and Mazi Gola filed in the first case a motion to consolidate all three cases. Having received no response to that motion, I granted the motion as unopposed. All three motions were consolidated for all purposes under this caption. On March 22, 2011, I denied the motions to remand filed in the second and third cases, finding that by not opposing the motion to consolidate Center City

Metals had waived whatever argument it had in support of remand. I then placed the case on the suspense docket. On April 11, 2011, Center City Metals sent a letter to chambers requesting that "[the motions to remand] be reinstated and decided . . . after oral argument." Counsel for Mazi Gola, Joe Gola and the New York Diamond Exchanged responded via letter on April 14, 2011. Center City Metals's request, which effectively seeks reconsideration of my March 22, 2011 ruling, is presently before me.

## STANDARD OF REVIEW

This Court has a strong interest in the finality of judgments. Motions for reconsideration will therefore be granted sparingly. Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995). Such a motion will be granted only where the party seeking reconsideration has demonstrated: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999), citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

## DISCUSSION

I note at the outset my concern about how counsel for Center City Metals has handled this case. First, if counsel for Center City Metals believed that the second and third cases were improperly removed to this Court they should have opposed the motions to consolidate those cases with the first case, which all parties apparently agree was properly removed here. Even if it is true, as counsel for Center City Metals asserts, that Judge Kelly implied that the motions to remand would be addressed after the consolidation motions were handled, the prudent course

3

would have been for counsel to place that understanding on the record by filing an appropriate response to the motion for consolidation.

Second, 28 U.S.C. § 1447(c) requires a motion to remand to be filed "within thirty days after the filing of the notice of removal under section 1446(a)." Counsel for Center City Metals did not file a motion to remand civil action number 10-6813 until thirty-three days after the notice of removal was filed.[1] After the thirty day period set forth in section 1447(c) expires, the Court is powerless to remand a case because of a procedural defect.[2] Ramos v. Quien, 631 F. Supp. 2d 601, 608 (E.D. Pa. 2008) ("A district court does not have the statutory authority to remand a case because of a procedural defect . . . after section 1447(c)'s thirty-day limit expires.").

Finally, to the extent that Center City Metals disagreed with my March 22, 2011 ruling, it should have filed a motion for reconsideration of the decision along with appropriate briefing. Instead, it chose merely to deliver to chambers a letter devoid of any substantive discussion as to why I should reconsider my ruling. Additionally, under Rule 7.1(g) of the Local Rules of Civil Procedure, a motion for reconsideration must be "served and filed within fourteen (14) days after the entry of the . . . order . . . concerned." The motion for reconsideration, to the extent the letter

---

[1]    Rule 6(d) of the Federal Rules of Civil Procedure provides "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)." Rule 6(d), however, is not applicable to motions to remand filed pursuant to 28 U.S.C. § 1447(c). See Pavone v. Mississippi River Boat Amusement Corp., 52 F.3d 560, 566 (5th Cir. 1995); Ramos, 631 F. Supp. 2d at 608-09 ("This Court, however, is not persuaded that Rule 6(d) applies to extend the § 1447(c) time period."); N.J. Dep't of Envtl. Prot. v. Exxon Mobil Corp., 381 F. Supp. 2d 398, 401-02 (D.N.J. 2005) (same).

[2]    The untimeliness of the motion is not fatal, however, because as I discuss below the defect in the removal that I have identified is jurisdictional in nature.

can be construed as such, was delivered to chambers six days late. Under other circumstances, the motion for reconsideration could have been denied solely because of its untimeliness. See Payne v. Equicredit Corp. of Am., No. 00-6442, 2002 WL 1018969, at *3 (E.D. Pa. May 20, 2002).

I.    A Third Party Defendant May Not Remove a Case to Federal Court Under 28 U.S.C. §
      1441

In reviewing the motions to remand, however, it became clear to me that there was a jurisdictional defect in the removal to this Court of the second and third cases. My conclusion is based on the fact that 28 U.S.C. § 1441, the statute that defines a litigant's ability to remove a case to this Court, does not allow a third party defendant to remove the case.[3]

Section 1441 states in relevant part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

---

[3]    Counsel for plaintiff has not objected to the removal on this basis. Because the defect affects this Court's subject matter jurisdiction, however, I am obligated to address it sua sponte. J.S. ex rel. Gills v. Walmart Stores, Inc., No. 11-792, 2011 WL 1601634, at *2 (M.D. Pa. Apr. 27, 2011) ("Federal courts have an obligation to address issues of subject matter jurisdiction sua sponte."), citing Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999).

> (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

"An overwhelming majority of federal courts . . . have held that third party defendants may not remove state actions to federal court pursuant to 28 U.S.C. § 1441(a) because third party defendants are not 'defendants' within the meaning of the statute."[4] Milton S. Hershey Med. Ctr. v. Grinnage, No. 07-0539, 2007 WL 4198434, at *2 (M.D. Pa. Nov. 20, 2007); see also Thomas v. Shelton, 740 F.2d 478, 488 (7th Cir. 1984) (holding that "in the broad run of third-party cases . . . the third-party defendant cannot remove the case under section 1441(c) . . . ."); Lewis v. Windsor Door Co., a Div. of Ceco Corp., 926 F.2d 729, 732-34 (8th Cir. 1991); First Nat'l Bank of Pulaski v. Curry, 301 F.3d 456, 461-67 (6th Cir. 2002) (finding that removal by a third party defendant is inappropriate under both section 1404(a) and 1404(c)); Firstbank Puerto Rico v. Gittens, 466 F. Supp. 2d 614, 617-18 (D.V.I. 2006) (collecting cases); Sterling Homes, Inc. v. Swope, 816 F. Supp. 319, 320-22 (M.D. Pa. 1993) (collecting cases).

I agree. Courts have held that removal statutes must be strictly construed because "[t]he right of a party to remove a case from state to federal court is a purely statutory right and, as such, is dependent upon the will of Congress for its continued existence . . . . Therefore, removal jurisdiction exists in a given case only when that jurisdiction is expressly conferred on the courts by Congress." Sterling Homes, Inc., 816 F. Supp. at 323, quoting Chase v. N. Am. Sys., Inc.,

---

[4]      I acknowledge the existence of case law to the contrary. See FirstBank Puerto Rico v. Gittens, 466 F. Supp. 2d 614, 618-19 (D.V.I. 2006) (collecting cases). I am more persuaded, however, by the cases holding that third party defendants may not remove a case to federal Court.

523 F. Supp. 378 (W.D. Pa. 1981); accord Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941) ("Not only does the language of the Act of 1887 evidence the Congressional purpose to restrict the jurisdiction of the federal courts on removal, but the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation."). Section 1441(c) does not authorize removal of a case by a third party defendant because a third party claim is not "joined with" a non-removable claim as the statute requires but instead is typically "antagonistic to" the plaintiff's claims. See Patient Care, Inc. v. Freeman, 755 F. Supp. 644, 647 (D.N.J. 1991), citing Thomas, 740 F.2d at 486. Section 1441(a), for its part, authorizes removal by "the defendant or the defendants." Id. Strict construction of the statute does not permit me to replace "joined with" in section 1441(c) with "antagonistic to" or "the defendant or the defendants" in section 1441(a) with "the third-party defendant."

This conclusion is bolstered by my colleague Judge Pollak's examination, in Share v. Sears, Roebuck & Co., 550 F. Supp. 1107, 1108 (E.D. Pa. 1982), of the legislative history of the statute. Judge Pollak noted first that the Judiciary Act of 1789 had confined the right of removal to the defendant. Id. Section 12 of the Act of 1875, however, conferred the right of removal on "either party or any one or more of the plaintiff or defendants." Id. Twelve years later, Congress again modified the statute, this time restricting the right of removal to "the defendant or defendants." Id. In light of this legislative history, Judge Pollak noted that the Supreme Court in Shamrock held that a counterclaim defendant–the original plaintiff–did not have the power under section 1441 to remove the case to federal Court. Id. at 1109. He concluded that "it seems difficult to develop a coherent theory for denying the privilege of removal to a Shamrock plaintiff

but granting it to a third-party defendant, and in any event there is no evidence that Congress at any time before or since 1948 had adopted such a theory." Id.

Denying third party defendants the right to remove a case to federal Court also comports with sound policy. The District Court for the Southern District of New York discussed the policy implications in Burlingham, Underwood, Barron, Wright and White v. Luckenback Steamship Co., 208 F. Supp. 544, 547 (S.D.N.Y. 1962): "[i]t seems anomalous to allow a party, whose jurisdictional attributes are irrelevant to the main claim, to remove the entire suit to another court. Removal on such a basis is too much akin the tail wagging the dog." Accord Lowe's of Montgomery, Inc. v. Smith, 432 F. Supp. 1008, 1010 (D. Al. 1977) ("it seems rather drastic to force the plaintiff, whose choice of forum normally should be honored, to litigate in a federal court that he did not choose and one to which his adversary originally could not have removed."). This case presents an example of the detriment of allowing a third party defendant to remove a case. It is beyond doubt that the original plaintiff–who, subject to some exceptions, had the prerogative to choose the forum in which it filed suit–could not have foreseen that its straightforward breach of contract claim would somehow become intertwined with a tenuously-related section 1983 claim and thus removed to this Court. It is impossible for me to conclude based on the text of section 1441 that Congress anticipated, much less sanctioned, such a result.

I therefore hold that the removals effectuated by the City defendants in the cases docketed at civil action numbers 10-7185 and 10-6813 were improper.

II.    The Removal Defect Is Jurisdictional in Nature and Therefore Unwaivable

The next question is whether Center City Metals has waived this defect in the removal by not asserting it as a basis for remand. Removal defects that are procedural in nature may be

waived.  See In re FMC Packaging Sys. Div., 208 F.3d 445, 451 (3d Cir. 2000), citing In re

Continental Cas. Co., 29 F.3d 292, 294 (7th Cir. 1994) ("Ever since Ayers v. Watson, 113 U.S.

594, 5 S.Ct. 641, 28 L.Ed. 1093 (1885), it has been accepted that non-jurisdictional objections to

removal may be waived.  The plaintiff has a right to remand if the defendant did not take the

right steps when removing, but the plaintiff also may accept the defendant's choice of a federal

forum.  Procedural defects in removal are in this respect similar to the lack of personal

jurisdiction and other shortcomings that may be waived or forfeited.").  The parties cannot,

however, waive defects that affect this Court's subject matter jurisdiction over the action.

See Gruber v. Hubbard Bert Karle Weber, Inc., 684 F. Supp. 879, 882 (W.D. Pa. 1988), citing

Medlin v. Boeing Vertol Co., 620 F.2d 957 (3d Cir. 1980) ("It is beyond dispute, however, that

failure to challenge removal cannot confer subject matter jurisdiction which it does not otherwise

possess upon the federal district court.").  The Court of Appeals has held that a defect in the

removal of a case to federal Court is jurisdictional "only if the case could not initially have been

filed in federal court."  Korea Exch. Bank, N.Y. Branch v. Trackwise Sales Corp., 66 F.3d 46, 50

(3d Cir. 1995).

I find that the removal defect here is jurisdictional in nature because the actions docketed

at civil action numbers 10-7185 and 10-6813 contained solely state law claims and the parties

were not of diverse citizenship.  Therefore, this Court does not have subject matter jurisdiction

over those cases.  This conclusion is unaffected by the fact that the Golas alleged a federal cause

of action in their third party complaints against the City defendants in those cases.  See Gruber,

684 F. Supp. at 882, citing Chase, 523 F. Supp. 378; Grubbs v. Gen. Elec. Credit Corp., 405 U.S.

699 (1972) ("We believe it is the original claims rather than the third-party claims which

determine our jurisdictional basis.").

Because this Court lacks subject matter jurisdiction over civil action numbers 10-7185 and 10-6813, I will remand those cases to the Court of Common Pleas. This Court, however, has subject matter jurisdiction over civil action number 09-5037. That case will remain on my docket.

An appropriate Order follows.