IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MAZI GOLA, : CIVIL ACTION
d/b/a NEW YORK DIAMOND EXCHANGE

v. :

CITY OF PHILADELPHIA, DEPARTMENT OF
LICENSES AND INSPECTIONS
    and
DOMINIC J. VERDI
    and
OFFICER JOSEPH MURRAY
    and
PHILADELPHIA POLICE DEPARTMENT
    and
DETECTIVE THOMAS SWEENEY
    and
EDWARD A. RUST, t/a
CENTER CITY METALS, LLC. : NO. 09-5037

O'NEILL, J.                                                                                   June 20, 2012

## MEMORANDUM

I have before me the motion of plaintiff for partial summary judgment against the City of Philadelphia and Dominic J. Verdi as to Counts I, V and VI of the amended complaint and defendants Joseph Murray, Thomas Sweeney, Dominic Verdi and the City of Philadelphia's motion to dismiss the amended complaint and the responses thereto.

Plaintiff alleges that on October 8, 2009 it received a notice of intent to cease operations from defendant Verdi of the City's Department of Licenses and Inspections. Plaintiff also alleges that relief from the cease operations Order could be obtained only by the filing of an appeal with the Board of Licenses and Inspections within thirty days after the posting of the cease operations

Order. On October 15, 2009 plaintiff filed the present case in the Court of Common Pleas of Philadelphia County which subsequently was removed to this Court. Later the same day the L&I defendants rescinded the notice of intent to cease operations. Plaintiff asserts that the issuance of the notice by Verdi and the L&I violated plaintiff's right to procedural due process in violation of the Fourteenth Amendment to the U.S. Constitution because the notice threatened to immediately shut down the plaintiff's business without a hearing.

I find this contention to be without merit because plaintiff's business was never shut down; thus, there was no violation of the Fourteenth Amendment. Plaintiff alleges that it suffered reputational harm and lost profits but "[t]hese allegations are not sufficient to show a violation of a protected liberty or property interest." Hunter v. Sec. Exch. Comm'n, 879 F. Supp. 494, 497 (E.D. Pa. 1995). Accordingly, plaintiff's motion for summary judgment on Count I of the amended complaint will be denied.

Plaintiff's motion with respect to Counts V and VI of the amended complaint will be denied for the same reason. Those Counts allege a deprivation of a procedural due process hearing which is normally afforded prior to the revocation of any state issued license. However, in the present case the license never was revoked.

Defendants' motion to dismiss the amended complaint will be granted as to Counts I, V and VI. However, defendants' motion to dismiss does not address the remaining Counts of plaintiff's amended complaint which allege violation of the Fourth Amendment to the Constitution. Accordingly, defendants' motion to dismiss those Counts will be denied.

An appropriate Order follows.

ENTERED
JUN 2 0 2012
CLERK OF COURT

6/20/12 mail
Philadelphia Police Department